**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**December 23, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JESUS MIGUEL ONTIVEROS
VAZQUEZ,

    Plaintiff - Appellant,

v.

LIBERTY MUTUAL INSURANCE
COMPANY; MARK A. KAHRS; MARK
A. POWELL; SANDRA V. GOMEZ,

    Defendants - Appellees.

No. 24-3069
(D.C. No. 6:23-CV-01234-HLT-BGS)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **McHUGH**, **BALDOCK**, and **LUCERO**, Circuit Judges.

_____

Jesus Miguel Ontiveros Vazquez, appearing pro se, appeals from the district court's dismissal of his complaint. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the decision of the district court.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

On February 26, 2020, Mr. Vazquez was driving in Wichita, Kansas, when his vehicle was rear-ended by another vehicle driven by a woman named Sandra Gomez. According to Mr. Vazquez, he was injured in the accident.

Mr. Vazquez filed three pro se lawsuits related to the accident. The first suit was filed in June 2021 in Kansas state court against his automobile insurance carrier, Liberty Mutual Insurance Company (Liberty Mutual), and Ms. Gomez's automobile insurance carrier, Progressive Direct Insurance Company (Progressive). Mr. Vazquez alleged that both insurers failed to pay him what he was owed under the respective policies. Liberty Mutual filed a counterclaim seeking a declaratory judgment that it satisfied its obligations to Mr. Vazquez under his policy. Mr. Vazquez did not respond to the counterclaim and the state court entered a default judgment against Mr. Vazquez on the counterclaim. Progressive successfully moved to dismiss the claims asserted against it.

In October 2021, shortly after the state court entered default judgment against him, Mr. Vazquez filed his second suit. Unlike the first suit, the second suit was filed in federal district court. That suit named a number of defendants, including Ms. Gomez, Liberty Mutual, and Progressive. The district court, acting pursuant to the defendants' motions to dismiss, concluded that Mr. Vazquez failed to state a plausible federal claim for relief against any of the defendants, and also failed to state any plausible state claims for relief against any defendant other than Ms. Gomez.

The district court therefore dismissed all of Mr. Vazquez's claims except for his negligence claim against Ms. Gomez.

In November 2022, Mr. Vazquez and Ms. Gomez, with her counsel Marc Powell, appeared for a court-ordered settlement conference before the magistrate judge. During the conference, Mr. Vazquez offered to settle all claims against Ms. Gomez for a specific amount and under specific terms. Ms. Gomez accepted the offer, and the magistrate judge communicated the acceptance to Mr. Vazquez. At that point, Mr. Vazquez said he wanted to withdraw his offer. The magistrate judge then went on the record and summarized the agreement, giving each party the opportunity to correct anything he said. Both parties agreed with the magistrate judge's factual recitation. Mr. Vazquez, however, explained that he feared the settlement could prevent him from recovering the rest of his medical expenses from Liberty Mutual.

After the settlement conference, Ms. Gomez moved to enforce the settlement agreement. Mr. Vazquez filed an objection, alleging bad faith, fraudulent lies, deception, misleading statements, false statements, and fraud on the part of Ms. Gomez and Mr. Powell during the litigation and the settlement conference. The magistrate judge granted Ms. Gomez's motion, concluding "the parties knowingly and voluntarily entered a binding contract." R. at 35. The magistrate judge in turn ordered Ms. Gomez to pay the amounts agreed to under the terms of the settlement agreement.

3

The instant case is Mr. Vazquez's third suit.  Mr. Vazquez initiated these proceedings in November 2023 by filing a pro se civil complaint against Ms. Gomez, Mr. Powell, Liberty Mutual, and Mark Kahrs, a Wichita-based attorney who was allegedly involved in pursuing a medical debt incurred by Mr. Vazquez related to medical treatment for injuries sustained in the automobile accident.  The complaint alleged that Liberty Mutual engaged in bad faith by denying payment to Mr. Vazquez's "medical creditors."  R. at 11.  The complaint alleged that Mr. Powell acted negligently or, alternatively, acted with fraudulent intent when he "affirmed on behalf . . . of his client . . . false statements of material fact."  *Id.*  The complaint alleged that Ms. Gomez was responsible "for fraud and intentional misrepresentation."  *Id.*  As for Mr. Kahrs, the complaint alleged that he was responsible "for unfair or unconscionable collection practices."  *Id.*  Notably, the complaint acknowledged that "a substantially equivalent complaint . . . was previously filed in" federal district court.  R. at 14.

All of the defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted.  Mr. Powell and Ms. Gomez argued that Mr. Vazquez's claims against them were "barred by res judicata and/or collateral estoppel."  R. at 21.  Liberty Mutual likewise argued that to the extent Mr. Vazquez was attempting to plead a breach of contract claim for failure to pay personal injury protection benefits, such a claim was barred by res judicata.  Mr. Kahrs, for his part, noted that Mr. Vazquez's complaint contained only "two sentences related to" him

4

and that those sentences contained only "conclusory allegations" regarding "unfair or unconscionable collection practices" on his part.  R. at 16.

Mr. Vazquez filed responses to each of the motions to dismiss.  But, with respect to the motions filed by Mr. Powell, Ms. Gomez, and Liberty Mutual, the district court found he did not "meaningfully challenge the[] [defendants'] position[s]" or "contend that the elements for res judicata [we]re missing."  R. at 317, 368.  Instead, he argued "that his previous decision to proceed pro se denied him the full and fair opportunity to litigate [his] claim[s] in state court."  R. at 368.  With respect to Mr. Kahrs's motion to dismiss, Mr. Vazquez submitted supplemental documents but did not attempt to amend his complaint to include additional factual allegations.

The district court granted all of the motions to dismiss.  The district court concluded that Mr. Vazquez's claims against Mr. Powell, Ms. Gomez, and Liberty Mutual were "precluded by res judicata."  R. at 318 (order granting motion to dismiss filed by Ms. Gomez and Mr. Powell); *see* R. at 368 (order granting Liberty Mutual's motion to dismiss).  As for Mr. Kahrs, the district court concluded that the allegations in Mr. Vazquez's complaint were "wholly inadequate to state a claim against" Mr. Kahrs, and it declined "to act as [Mr. Vazquez's] advocate and dig through [his] miscellaneous filings to discern whether" a valid "claim exist[ed]" against Mr. Kahrs.  R. at 314–15.

Following the entry of final judgment, Mr. Vazquez filed a timely notice of appeal.

II

*The claims against Mr. Powell, Ms. Gomez and Liberty Mutual*

Mr. Vazquez challenges the district court's conclusion that his claims against Mr. Powell, Ms. Gomez, and Liberty Mutual were precluded by res judicata. We review de novo a district court's grant of a motion to dismiss on res judicata grounds. *Campbell v. City of Spencer*, 777 F.3d 1073, 1077 (10th Cir. 2014).

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "The doctrine of claim preclusion . . . prohibits 'successive litigation of the very same claim' by the same parties." *Whole Woman's Health v. Hellerstedt*, 579 U.S. 582, 599 (2016) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)) (overruled in part on other grounds). This prohibition bars "the parties or their privies from relitigating issues that were or could have been raised" in an action that resulted in a final judgment on the merits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

Mr. Vazquez does not dispute that he is asserting in this action the same claims and arguments that he asserted in the prior federal action against Mr. Powell, Ms. Gomez, and Liberty Mutual. Instead, he appears to suggest that claim preclusion should not apply because the magistrate judge in the first federal action "deceived" him and "induc[ed]" him to enter into a settlement agreement with Ms. Gomez. Aplt. Br. at 21. He also appears to imply that these three defendants engaged in fraud

6

and collusion in connection with the judgment that was entered in the first federal case.

We reject Mr. Vazquez's arguments for a number of reasons. To the extent Mr. Vazquez believed the judgment that was entered against him in the first federal action was the product of fraud or collusion, the proper remedy was to file a direct appeal raising that issue. The same holds true for Mr. Vazquez's assertion that the magistrate judge acted improperly during the settlement conference and in enforcing the settlement agreement. Notably, however, Mr. Vazquez did not file a direct appeal following the entry of judgment in the first federal action. In any event, the claims of fraud and collusion that Mr. Vazquez asserts in his appellate brief in this case are vague and conclusory and lack any supporting details. Further, having reviewed the record in this case, we see nothing therein that would remotely rise to the level of misconduct on the part of the magistrate judge or these three defendants during the course of the first federal lawsuit. We therefore affirm the district court's conclusion that Mr. Vazquez's claims against Mr. Powell, Ms. Gomez, and Liberty Mutual are barred by the doctrine of claim preclusion.

*The claims against Mr. Kahrs*

Mr. Vazquez also purports to challenge the district court's dismissal of the claims he asserted against Mr. Kahrs. Generally speaking, "[w]e review de novo a district court's grant of a motion to dismiss for failure to state a claim." *In re Overstock Sec. Litig.*, 119 F.4th 787, 798 (10th Cir. 2024). "To survive a motion to

7

dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (internal quotation marks omitted).

As best we can determine, Mr. Vazquez does not seriously dispute the district court's conclusion that the allegations in his complaint were inadequate to state a claim against Mr. Kahrs. Instead, Mr. Vazquez attempts, as he did below in responding to Mr. Kahrs's motion to dismiss, to provide more detail regarding his claim against Mr. Kahrs. According to Mr. Vazquez, Mr. Kahrs "refuse[d] to show the existence of a contract that stipulates that he is entitled to collect interest" from Mr. Vazquez in connection with the medical debt that Mr. Vazquez owes to Mid America Orthopedics. Aplt. Br. at 10 (internal quotation marks omitted). Mr. Vazquez asserts that his "good faith attempts . . . to reach a fair settlement" of his medical debt with Mr. Kahrs "failed," so he brought his claim against Mr. Kahrs in an effort to have the underlying medical debt "decided fairly." *Id.* at 1.

Like the district court, we decline to consider any allegations or evidence extraneous to Mr. Vazquez's complaint. Instead, "we accept as true all well-pleaded factual allegations in" Mr. Vazquez's complaint and, construing them favorably to him, consider "whether it is plausible that [he] is entitled to relief." *Dyno Nobel v. Steadfast Ins. Co.*, 85 F.4th 1018, 1025 (10th Cir. 2023) (internal quotation marks omitted). Doing so, we agree with the district court that Mr. Vazquez has failed to state a valid claim for relief against Mr. Kahrs.

8

III

We affirm the judgment of the district court.

Entered for the Court


Bobby R. Baldock
Circuit Judge